Tobias ONUOHA, Plaintiff–Appellant,

v.

CONTINENTAL AIRLINES, INC.,
a Delaware Corporation
Defendant–Appellee.

No. 02–1090.

United States Court of Appeals,
Sixth Circuit.

Nov. 12, 2003.

George V. Warren, Warren Foundation,
LTD., Lansing, MI, for Plaintiff–Appellant.

Tobias Onuoha, Lansing, MI, pro se.

Scott R. Torpey, Melanie T. LaFave,
Jaffe, Raitt, Heuer & Weiss, Detroit, MI,
for Defendant–Appellee.

Before SILER, BATCHELDER and
COOK, Circuit Judges.

## OPINION

COOK, Circuit Judge.

Plaintiff/appellant Tobias Onuoha alleged Continental Airlines negligently lost his carry-on bag. Court-ordered mediation produced a unanimous, modest award in Onuoha's favor that he rejected, insisting instead on a jury trial. Following a jury verdict for Continental, Onuoha moved for a new trial and Continental

moved for an award of attorneys' fees. Because we find no abuse of discretion in the district court denying Onuoha's motion for a new trial or awarding Continental its attorneys' fees, we affirm.

## I. Background

Onuoha is a Michigan resident who was born in Nigeria and graduated from medical school in the Dominican Republic. In 1996, Onuoha and his wife traveled to his native Nigerian village of Lagos to provide medical treatment. When boarding the Continental plane in Cleveland, Onuoha claims a flight attendant required him to "gate-check" his carry-on bag without providing him a claim ticket. He claims that inside the bag was a twelve-week supply of medication used to control his hypertension. Onuoha contends that he was told he could retrieve his bag at baggage claim, while Continental maintains its policy is to leave all "gate-checked" carry-on bags at the bottom of the stairs for passengers to collect as they deplane. Upon his arrival in New York, Onuoha did not find his carry-on bag in the baggage claim area, so he filed lost-luggage paperwork with Continental's customer service staff and continued on to his connecting flight. Onuoha's flight itinerary to Nigeria included four segments utilizing two different carriers, Continental Airlines and British Airways.

Onuoha's carry-on bag never arrived in Nigeria during the six weeks he was away, leaving him without his medication. British Airways shipped the bag to him two weeks after his return. Onuoha claims Continental's negligence proximately caused him injury—without the medication, his blood pressure rose to dangerously high levels and has since remained uncontrolled.

The district court ordered mediation for Onuoha's tort claim according to its local rule. The Order notified the parties that the Michigan Tort Mediation Act–M.C.L. § 600.495–governed all aspects of the mediation process. Onuoha rejected the mediation's unanimous award of $1,750 and the jury trial he sought instead resulted in a defense verdict for Continental. Under standard negligence instructions, the jury found Continental not negligent in its handling of Onuoha's carry-on bag.

Following the verdict for Continental, Onuoha moved for a new trial and Continental sought attorneys' fees and costs as authorized by the local rule encompassing the Mediation Act. The district court denied Onuoha's new trial motion and granted Continental's motion for attorneys' fees and costs. Onuoha seeks reversal of the district court judgment and a remand of his case for retrial.

## II. Standard of Review

We review the district court's decision to deny a motion for a new trial for an abuse of discretion. *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 637 (6th Cir.2000). In reviewing a new-trial motion on manifest weight grounds, we may find an abuse of discretion if we have a "definite and firm conviction ... that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (citation omitted). We likewise review for abuse of discretion decisions regarding the award of attorneys' fees. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 682 (6th Cir.2003). A district court "indulg[es] all presumptions in favor of the validity of the jury's verdict" when reviewing a new-trial motion and examines the verdict in a light most favorable to the non-moving party. *Williams v. Nashville Network*, 132 F.3d 1123, 1131 (6th Cir.1997). The court is required to "deny the motion if the verdict is one which could reasonably have been reached," regardless of whether "different inferences and conclusions could have been

drawn or because other results are more reasonable." *J.C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir.1991).

## III.  ANALYSIS

### A.  Onuoha's Motion for a New Trial

██ Onuoha argues the verdict was not supported by evidence because "the jury did not understand the facts as they truly exist." As the district court correctly noted, however, the jury is not required to accept Onuoha's testimony as to the facts. Because it is entirely within the province of the jury to weigh witness testimony and assess credibility based on the evidence presented, the jury could have believed any number of the witnesses' proffered reasons why Continental was not negligent. Continental's flight attendant testified that "100% of the time" gate-checked carry-on bags are returned at the bottom of the stairway as passengers deplane and are never sent to baggage claim. As suggested by the district court, the jury could have reasonably concluded from her testimony that Onuoha "simply forgot to retrieve his bag at the bottom of the stairway upon landing" in New York. The unexplained evidence that British Airways, not Continental, returned the missing bag to Onuoha, could have led the jury to believe that it was British Airways, not Continental, that was negligent. Furthermore, Onuoha's own witness, his physician, testified that when Onuoha consulted him upon returning from Nigeria, Onuoha told the physician that he had left his blood pressure medication *at home* while on his trip. Onuoha's medical records confirmed this same statement. Whichever reason convinced the jury, it could have reasonably found that Continental was not negligent and thus the district court did not commit a "clear error of judgment" when denying Onuoha's new-trial motion. *Conte*, 215 F.3d at 637.

### B.  Continental's Award of Attorneys' Fees

██ Onuoha challenges the attorneys' fees awarded to Continental as a mediation sanction by invoking the *Erie* doctrine to argue that only federal procedural rules should apply rather than the court's local rule modeled on Michigan law. The U.S. Supreme Court holds however, that in "an ordinary diversity case," a state law governing the award of attorneys' fees, "which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). And this circuit too holds that district courts may award attorneys' fees as a mediation sanction if authorized by state statute. *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 636 (6th Cir. 2000).

Onuoha further argues that he never agreed to the portion of the mediation order that authorized attorneys' fees and considers the award unfair due to his inferior bargaining position. But Onuoha forfeited the right to challenge the mediation sanction on appeal by his failure to timely object. He received the court's mediation order alerting him to the potential attorneys' fee sanction for rejecting a unanimous award. Onuoha raised no objection to the terms of the order, either before or after the award. Nor did he respond to Continental's motion for attorneys' fees. We therefore affirm the district court's award of attorneys' fees to Continental.

## IV.  CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Onuoha's new-trial motion and award of attorneys' fees.